**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION**

CECIBEL MOLINA,                                    CASE NO.: 0:22-cv-60737

      Plaintiff,

v.

WAL-MART STORES EAST, LP and
MATTHEW WACHS,

      Defendants.

_____/

## DEFENDANT WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL

Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), through undersigned counsel and pursuant 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 17th Judicial Circuit Court in and for Broward County, Florida, Case No. CACE 22-003488 with full reservation of rights, exceptions and defenses, and in support thereof state:

### FACTUAL BACKGROUND

1.      On March 8, 2022, Plaintiff commenced this action by filing a complaint against Wal-Mart and Matthew Wachs ("Wachs") in the 17th Judicial Circuit in and for Broward County, Florida.

2.      Wal-Mart was served on March 15, 2022. Wachs has not been served.

3.      On March 30, 2022, Wal-Mart filed its Answer and Affirmative Defenses to the Complaint.

4.      Plaintiff's Complaint against Wal-Mart and manager Wachs are for claims sounding in negligence as a result of injuries which she allegedly sustained on July 31, 2020,

CASE NO.: 0:22-cv-60737

arising from an incident at the Wal-Mart located at 2500 W. Broward Blvd., Fort Lauderdale, Florida. *See* Plaintiff's Complaint attached as **Exhibit A**, ¶¶4, 5.

5.      Plaintiff alleges that she "was caused to slip and fall due to a liquid on the floor." *Id.* at ¶¶16, 22.

6.      Plaintiff's Complaint names former manager Wachs,[1] but fails to allege that Wachs caused the dangerous condition on which Plaintiff allegedly fell.

7.      As to Wal-Mart, Plaintiff alleges that Wal-Mart (1) failed to properly maintain the floor, (2) should have exercised reasonable care as to the floor, and (3) failed warn Plaintiff of the dangerous condition. *Id.* at ¶25.

8.      As for manager Wachs, Plaintiff alleges that he (1) failed to maintain the premises in a safe condition, (2) failed to supervise employees regarding maintenance of the premises, and (3) failed to warn Plaintiff of the liquid on the floor. *Id.* at ¶¶11-13.

9.      Wachs was not the manager at the time and did not actively participate in bringing about Plaintiff's incident. *See* Heather Demery's Declaration attached as **Exhibit B**. Wachs is no longer employed with Wal-Mart. *Id.* at ¶5. On July 31, 2020, he was not employed as a manager at the subject store. *Id.* at ¶6. Wachs did not author a witness statement related to the subject incident. *Id.* at ¶7. He is not referenced or named in any of the witness statements related to the subject incident. *Id.* at ¶8. Wachs did not participate in the investigation of the incident. *Id.* at ¶9.

10.     Plaintiff's Complaint fails to allege any facts indicating that Wachs was negligent by actively participating in and committing any tort to cause Plaintiff's incident. Furthermore, the Complaint fails to allege that Wachs was even on duty at the time of the incident. As a matter of fact, he was not employed as a manager at the store on the date of the incident. *Id.* at ¶6. There are

---

1 Wachs is no longer employed by Wal-Mart.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400

CASE NO.: 0:22-cv-60737

no allegations within the Complaint indicating that Wachs *actively* brought about Plaintiff's incident – nor can Plaintiff make such allegations.

11.    As shown more fully below, it is evident that Plaintiff's Complaint fails to allege any facts that Wachs had any active participation and active involvement in the alleged incident. *See* Ex. B. Rather, Plaintiff joined Wachs to this lawsuit without any basis and solely to destroy diversity jurisdiction.

12.    Plaintiff is a resident of Broward County, which is the county where the incident occurred. *See,* Ex. A at ¶2.  It is well-established that residency is *prima facie* evidence of domicile, which is equivalent to citizenship for purposes of diversity of citizenship.

13.    Plaintiff alleges in her pre-suit demand letter that as of September 16, 2021, her past medical bills total over $185,000.00. Further, she offered to settle this claim for $800,000.00. *See* Plaintiff's Pre-Suit Demand Letter attached as **Exhibit C**.

14.    This action is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

15.    Wal-Mart requests this Court disregard the citizenship of Wachs when determining that diversity jurisdiction exists in this case and to dismiss Wachs as he did not actively participate in bringing about Plaintiff's incident. Nor does the Complaint allege any facts indicating that Wachs actively participated in bringing about Plaintiff's incident.

16.    Wal-Mart attaches hereto and incorporates into this Notice a copy of the process, pleadings, and other papers filed in the 17th Judicial Circuit in and for Broward County, Florida together with a docket sheet from the Clerk of Court. *See* The state court docket filings are attached as **Composite Exhibit D**.

17.    Wal-Mart attaches the Civil Cover Sheet as **Exhibit E**.

CASE NO.: 0:22-cv-60737

18.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## REMOVAL IS TIMELY

19.     In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Complaint, the pleading setting forth the claim for relief upon which Plaintiff's action is based.

20.     The thirty (30) day period commenced on March 15, 2022, when Plaintiff served her Complaint upon Wal-Mart.

21.     Prior to service of Plaintiff's Complaint, Plaintiff sent Wal-Mart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with her alleged incident. *See* Ex. C.

22.     Venue exists in the United States District Court for the Southern District of Florida, Broward Division, because the 17th Judicial District in and for Broward County, where Plaintiff filed her state court Complaint, is located within the United States District Court for the Southern District of Florida, Broward County, Florida.

## DIVERSITY OF CITIZENSHIP

23.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

### A.  Citizenship of Wal-Mart Stores East, LP

24.     At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* SunBiz Report

CASE NO.: 0:22-cv-60737

attached as **Exhibit F**. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Walmart Inc. Walmart Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Walmart Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above-mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Walmart Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

### B. Citizenship of Plaintiff

25.    Plaintiff Cecibel Molina is a resident of Broward County, Florida. *See* Ex. A. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

### C. Complete Diversity Between the Parties Exists Because Matthew Wachs was Fraudulently Joined to Defeat Diversity Jurisdiction.

26.    The citizenship of co-defendant Wachs should be disregarded because he was fraudulently joined in an attempt to destroy otherwise valid diversity jurisdiction. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-

CASE NO.: 0:22-cv-60737

23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, ECF No. 20 and ECF No. 21, (S.D. Fla. May 6, 2019). *Jennifer Roman v. Wal-Mart Stores East, L.P*., 20-80869-Civ-Smith, ECF No. 10 (S.D. Fla. September 1, 2020).

27.     Courts routinely disregard the citizenship of fraudulently joined parties when determining whether diversity jurisdiction exists. *Stillwell v. Allstate Ins. Co.*, 663 F.3d at 1332. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into the state court. *See Stillwell*, 663 F.3d at 1332; *Henderson*, 454 F.3d at 1281.

28.     The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits submitted by the parties. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

29.     The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. Target Corp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target Corp.*, Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013). If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007)

CASE NO.: 0:22-cv-60737

30.     Under Florida law, "a corporate agent or employee may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment – *he or she must be actively negligent.*" *Id* (quoting *McElveen v. Peeler*, 554 So.2d 270, 272 (Fla. 1st DCA 1989); *see also Niurka De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012) (quoting *Orlovsky v. Solid Surf.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981) ("[i]t is well established under Florida law that *[a store manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character*")).

31.     In *Tynes*, the plaintiff, a Florida citizen, filed a complaint in state court alleging negligence against Target Corporation, a Minnesota citizen, and an unnamed employee, John Doe, arising from a slip and fall incident inside a Miami Target store. *Tynes*, 2013 U.S. Dist. LEXIS 40355, at *1. The defendant removed the case seeking to invoke diversity jurisdiction. *Id* at *1. Plaintiff moved to remand the case because the plaintiff identified through discovery the identity of John Doe—Target employee Wilbert A. Hernandez—and claimed that he was a resident of Miami-Dade County. *Id* at *2. In denying plaintiff's motion to remand, the court found there was little possibility that the plaintiff could prove a cause of action for negligence against Mr. Hernandez because the plaintiff failed to allege any individual duty was owed or that the tort in question was committed in the store manager's individual capacity. *Id*. at *4-6.

32.     *In Niurka De Varona*, the plaintiff, a Florida citizen, filed a negligence claim against Advance Auto Parts, a Virgina Corporation. *Niurka De Varona*, 860 F. Supp. 2d at 1345. Plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager. *Id.* Specifically, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonable safe condition and was negligent by failing to remove the dangerous condition or

CASE NO.: 0:22-cv-60737

warn the plaintiff of it. *Id*. Thereafter, the defendant removed the case arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346. In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. *Id*. The court denied the plaintiff's motion to remand the stating "plaintiff has provided no facts showing that [the store manager] played any role in her injuries" and that *a store manager does not incur personal liability for a corporation's torts merely by reason of the store manager's official title. See id*. (citing *Orlovsky*, 405 So. 2d at 1364).

33.     Similarly, in *Pritchard,* the court also denied plaintiff's motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was actively negligent. *Pritchard v. Wal-Mart Stores, Inc.*, Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7. In *Pritchard*, the plaintiffs filed suit against defendants Wal-Mart and one of its store manager in state court alleging claims of negligence and loss of consortium. *Id*. at *1. The plaintiffs alleged the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises,[2] and the store manager breached those duties by acting negligently in falling to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises. *Id*. Wal-Mart removed the case based upon diversity jurisdiction despite the Florida citizenship of the store

---

[2]  Under Florida law, negligent mode of operation claims based upon transitory foreign substances are no longer a viable cause of action since the enactment of Florida Statute section 768.0755. *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). To be clear, *Pritchard* did not involve a transitory foreign substance.

CASE NO.: 0:22-cv-60737

manager pursuant to the fraudulent joinder doctrine. *Id*. Thereafter, the store manager filed a motion to dismiss based on fraudulent joinder. *Id*. The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the plaintiff's incident. *Id*. at *2. Wal-Mart submitted evidence that the store manager was not personally involved in the incident at issue, and as such, the store manager could not be found to be actively negligent. *Id.* at *3. The court agreed with Wal-Mart that the store manager was fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries as there was no evidence to support that the store manager was actively negligent. *Id*. The court denied the plaintiffs' motion to remand and granted the store manager's motion to dismiss. *Id.*

34.     Further, in *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* and *Franco v. Wal-Mart Stores East, L.P.,* Judge Moreno dismissed the store employees who had been sued in their capacity as Wal-Mart managers on the basis that Plaintiff failed to allege any facts that the store managers were actively negligent (i.e. actively participated in braining about the plaintiff's incident. *See Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fla. March 10, 2016).

35.     In a factually similar case, *Edman v Wal-Mart,* the plaintiff alleged that she was struck in the back by a stock cart while she was shopping at a Wal-Mart store. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at D.E. 20 and DE. 21, (S.D. Fla. May 6, 2019). The plaintiff sued both Wal-Mart and the store manager, Michael Gillespie. *Id.* The Honorable Judge Middlebrooks granted Michael Gillespie's Motion to dismiss [at ECF No. 21] as the plaintiff's complaint failed to allege that Michael Gillespie actively participated in bringing about

CASE NO.: 0:22-cv-60737

the Plaintiff's incident, and subsequently denied Plaintiff's Motion to Remand. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at DE. 21, (S.D. Fla. May 6, 2019).

36.     In *Jennifer Roman v. Wal-Mart Stores East, L.P.*, 20-80869-Civ-Smith, ECF No. 10 (S.D. Fla. September 1, 2020), the plaintiff likewise filed a lawsuit against Wal-Mart and its manager claiming negligence as a result of her being struck by a supply cart.   *Id.*   On Plaintiff's Motion for Remand, the Court held that even though the store manager was on duty at the time of the Plaintiff's incident, Plaintiff failed to state a colorable claim against the manager when she failed to show any facts proving that the manager caused the supply cart to strike her, that the manager was in the area when she was hit by a supply cart or that the manager even knew of her being hit by a supply cart. *Id.* The Court concluded that absent any showing of any personal involvement on the part of the store manager, he was fraudulently joined and denied the plaintiff's motion for remand of action to state court. *Id.*

37.     In the instant case, Wachs was not a manager at the Wal-Mart store where Plaintiff's incident allegedly occurred on July 31, 2020. Plaintiff fails to allege that Wachs was personally involved in Plaintiff's incident. That is because Plaintiff cannot possibly prove a cause of action for negligence against him because he was not actively negligent and had no personal involvement in Plaintiff's incident. *See Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 U.S. Dist. LEXIS 18359, at *7; *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, ECF No. 20 and ECF No. 21, (S.D. Fla. May 6, 2019). *Jennifer Roman v. Wal-Mart Stores East, L.P.*, 20-80869-Civ-Smith, ECF No. 10 (S.D. Fla. September 1, 2020).

38.     Wachs did not commit or participate in Plaintiff's alleged tort and did not play any role in Plaintiff's alleged injuries. Wachs is no longer employed with Wal-Mart. *See* Ex. B at ¶5.

CASE NO.: 0:22-cv-60737

On July 31, 2020, he was not employed as a manager at the subject store. *Id.* at ¶6.3 Wachs did not author a witness statement related to the subject incident. *Id.* at ¶7. He is not referenced or named in any of the witness statements related to the subject incident. *Id.* at ¶8. Wachs did not participate in the investigation of the incident. *Id.* at ¶9.

39.     Therefore, Wachs had no knowledge of the alleged dangerous condition prior to Plaintiff's incident and had no involvement therewith. *See id.; see also Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 2009 U.S. Dist. LEXIS at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

40.     Plaintiff sued Wachs without any basis and simply to defeat diversity jurisdiction.

41.     This is particularly clear in light of the fact that Plaintiff's Complaint fails to allege any facts indicating Wachs was actively negligent by actively participating in and committing any tort to cause Plaintiff's incident. Furthermore, the Complaint fails to even allege that Wachs was even on duty at the time of Plaintiff's incident. Plaintiff's Complaint s fails to allege that Wachs

---

3 In *Sawyer v. Walmart Stores East, LP*, 20-cv-24506 (Jan. 29, 2021), the plaintiff slipped and fell at a store and included the manager as a defendant. As here, the manager provided a declaration indicating that he was not present at the time of the incident. The court held that the manager had been fraudulently joined to defeat jurisdiction, as no cause of action could lie against him.

In *Felisa Dawson v. Wal-Mart Stores East, LP*, 21-cv-61750 (November 17, 2021), the plaintiff slipped and fell and named the manager as a defendant. As here, the manager provided a declaration indicating that she was not present at the time of the incident. This court held that the plaintiff failed to allege facts sufficient to demonstrate that the manager was actively negligent or that she breached any recognized duty of care through her individual, personal conduct. This court, therefore, granted the manager's motion to dismiss and denied the plaintiff's motion to remand. *See* Order attached as **Exhibit G.**

In *Tia Daniels v. Wal-Mart Stores East, LP*, 21-cv-62485 (March 29, 2022), the plaintiff slipped and fell. Plaintiff sought to amend the complaint to include the manager as a defendant. As here, the manager provided a declaration indicating that he was not in the store at the time of the incident. The court held that allowing amendment would be futile as there could be no cause of action against him. *See* Order attached as **Exhibit H.**

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400

CASE NO.: 0:22-cv-60737

created a dangerous condition on the floor causing Plaintiff's incident. Instead, Plaintiff merely alleges that she was injured when she slipped and fell because of a liquid on the floor. See Ex. A.

42.     After disregarding the fraudulently joined defendant, there can be no dispute that the citizenship of the parties is diverse.

## AMOUNT IN CONTROVERSY

43.     The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court jurisdictional minimum, it is clear from Plaintiff's pre-suit demand that her claimed damages exceeds the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 09-CV-60067, 2009 U.S. Dist. LEXIS 51705 at*5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)  (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

44.     Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

45.     "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 U.S. Dist. 51705, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400

CASE NO.: 0:22-cv-60737

therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320

(11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

"Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a

case has been properly removed." *Id*.

46.　　In the present case, the relevant portions of Plaintiff's $800,000.00 pre-suit demand

conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional

minimum. Notably, Plaintiff's medical bills totaled over $185,000.00 as of September 16, 2021.

*See* Ex. C.

47.　　Admittedly, Plaintiff demanded $800,000.00 to settle her claims which are inclusive

of past medical expenses, future medical expenses and care, and pain and suffering. *Id*.

48.　　Additionally, Plaintiff alleges damages for sustained permanent injuries, physical

and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish,

inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of

earning capacity and/or aggravation of a pre-existing condition. *See* Ex. A at ¶¶20, 28.

49.　　The well-established rule adopted by the Eleventh Circuit states that Wal-Mart can

offer its own affidavits, declarations, or other documentation to establish federal removal

jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it

timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc*., 608 F.3d 759 (11th Cir.

2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range

of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added);

*Williams v. Best Buy Co., Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001).

50.　　Where, as here, a plaintiff makes "an unspecified demand for damages in state court,

a removing defendant must prove by a preponderance of the evidence that the amount in

controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer*

CASE NO.: 0:22-cv-60737

*Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office*

*Depot, Inc*., 204 F.3d 1069 (11th Cir. 2000) (discussing that when a plaintiff makes "an unspecified

demand for damages in state court, a removing defendant must prove by a preponderance of the

evidence that the amount in controversy more likely than not exceeds the … jurisdictional

requirement).

51.     Moreover, Eleventh Circuit precedent permits district courts to use their judicial

experience and common sense in determining whether the case stated in a complaint meets federal

jurisdictional requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010)

(quoting *Pretka*, 608 F.3d at 754). Furthermore, a removing defendant, like Wal-Mart, is not

required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.

*See Pretka*, 608 F.3d at 754. All that is required is that Wal-Mart show, by a preponderance of the

evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id*. at 752.

52.     For example, in *Katz v. J.C. Penney Corp.*, the court concluded that the removing

defendant properly established the amount in controversy by addressing information received from

Plaintiff's pre-suit demand package. *Katz,* 2009 U.S. Dist. LEXIS 51705 at *4. The court

specifically noted it was persuaded that the pre-suit demand package reflected an honest

assessment of damages by plaintiffs because, like Plaintiff's pre-suit demand letter in this case, it

was based on medical records provided by the plaintiff. *Id.* Accordingly, Wal-Mart has shown by

a preponderance of the evidence that the amount in controversy exceeds the jurisdictional

minimum, rendering removal proper.

53.      Plaintiff's pre-suit demand letter supported with medical bills conclusively

establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.

Specifically, pursuant to her pre-suit demand dated September 16, 2021, her medical bills incurred

as a result of the incident at Wal-Mart were over $185,000.00. *See* Ex. C.

CASE NO.: 0:22-cv-60737

54. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

## **CONCLUSION**

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. CACE 22-003488, on the docket of the Court for the 17th Judicial Circuit in and for Broward County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Broward Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Christine M. Manzo*
CHRISTINE M. MANZO
Florida Bar No. 52121

CASE NO.: 0:22-cv-60737

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on April 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing is being served this day on all counsel of record identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO

### <u>SERVICE LIST</u>

***Attorneys for Plaintiff***
Gary B. Englander, Esq.
2122 W. Cypress Creek Road
Suite 206
Fort Lauderdale, FL 33309
pleadings@ftlinjurylaw.com